

F I L E D

APR 2 1 2010

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**DANIEL R. BURGESS,**

Plaintiff,

v.

Civil Action No. **3:09CV213**

**DILLWYN CORRECTONAL
CENTER INMATE TRUST SYSTEM,**

Defendant.

## MEMORANDUM OPINION

Plaintiff, a former Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2). In any action where the litigant is proceeding *in forma pauperis*, the Court must dismiss the action if it determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following pertinent findings and recommendations:

> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations

are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

While an inmate a Dillwyn Correctional Center ("DCC"), Plaintiff filed an action against the medical department at DCC. *See Burgess v. Med. Dep't*, 2:07cv00201 (E.D. Va. May 1, 2007). Plaintiff submitted an amendment of the complaint wherein he sought to add seven individual defendants. By Order entered on October 2, 2007, the Court directed Plaintiff to submit a copy of his amendment for each of the individual defendants within thirty (30) days of the date of entry thereof. *Id.* (Oct. 2, 2007 Order). Plaintiff did not submit the appropriate copies in a timely manner. Accordingly, on January 7, 2008, Court dismissed the action without prejudice.

On March 25, 2009, the Court received the instant complaint from Plaintiff. In the present complaint, Plaintiff alleges he sought to comply with the

Court's order in *Burgess v. Med. Dep't*, by providing the Court with appropriate copies. Plaintiff, however, contends that the accounting department stated that he had insufficient funds to make copies. Plaintiff contends that this statement was in error and "was aidening in my dismissal of 1983 complaint U.S. District Court Order. Case # 2:07-cv-201." (Compl. 5.)[1] Plaintiff demands $5,000,000.00 (Compl. 6) and names "Dillwyn Correctional Inmate Trust System" as the defendant (Compl. 2).

### Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). Plaintiff's allegations that unspecified prison personnel violated his rights do not adequately state a § 1983 claim. *Barnes v. Baskerville Corr. Ctr. Med. Staff*, No. 3:07cv00195, 2008 WL 2564779, at * 1 (E.D. Va. June 25, 2008) (*citing Brownlee v. Williams*, No. 2:07cv0078, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007); *Ferguson v. Morgan*, No. 1:90cv06318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983)). Accordingly, it is RECOMMENDED that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE because Plaintiff has not adequately identified a person acting under color of state law.

(December 30, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to

---

[1] The Court has corrected the capitalization in the quotations to Plaintiff's documents.

focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. PLAINTIFF'S RESPONSE

In response to the Report and Recommendation, Plaintiff did not file an amended complaint or objections. Instead, Plaintiff filed copies of correspondence, pictures, and other items. None of the items submitted by Plaintiff demonstrates an error in the Magistrate Judge's analysis or otherwise provide a basis for the present action to go forward. Accordingly, the Report and Recommendation as recited herein will be ACCEPTED AND ADOPTED, and the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4-21-10
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge